UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-114-HAB-ALT |

OPINION AND ORDER

Richard Williams, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Williams is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Williams is an inmate at Indiana State Prison (ISP). His complaint is somewhat difficult to follow, but it can be discerned that his claims stem from conduct reports issued against him for committing violations of the prison's disciplinary code. In

August 2025, he was charged with possession of contraband. He states that he appeared for a hearing and the hearing officer found him not guilty due to "evidentiary insufficiency." Approximately one month later, Officer Chambers and Officer Zaverl (first names unknown) started investigating him for trafficking in a new disciplinary case. He was ultimately found guilty of the charge by Lieutenant Draper (first name unknown). As a result, he lost earned credit time, served time in segregation, and temporarily lost phone and visitation privileges. He alleges that Lieutenant Draper and the two officers acted in an "arbitrary" and "vindictive" manner in bringing the charge and finding him guilty. He claims they conspired to violate his rights and punish him for no legitimate reason. He sues the above individuals and Warden Ron Neal for monetary damages.

Because Williams lost earned credit time as a result of the trafficking conviction, he cannot challenge it or have the conviction overturned in a civil rights lawsuit. Instead, the proper vehicle for seeking such relief is a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). Additionally, because Williams was found guilty of trafficking, he cannot seek damages in this civil rights case based on a theory that he is not guilty of this offense or that due process errors rendered the disciplinary

proceeding void.[1] *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck* applies to prison disciplinary convictions). Such claims cannot be brought unless he first succeeds in having the guilty finding overturned, vacated, or drawn into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486.

A claim related to the contraband charge would not be barred by *Heck* since he was not found guilty of that charge, although it appears he spent time in segregation while the charge was investigated. The Fourteenth Amendment Due Process Clause does not create a liberty interest in avoiding segregation or remaining in the prison's general population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). To trigger a protected liberty interest, an inmate must be subjected to restrictive conditions that present a "significant and atypical hardship" in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484-85. There is no firm rule as to the amount of time that must be spent in segregation to trigger a liberty interest, and instead courts must "look to both the duration of the segregation and the conditions endured." *Lisle v. Welborn*, 933

---

[1] In stating that the trafficking charges were "duplicative" of the contraband charge, he may be invoking the Double Jeopardy Clause. If so, this claim is not viable (irrespective of *Heck)* because the Double Jeopardy Clause does not apply in the prison disciplinary context. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). His claims related to alleged violations of prison policy related to the timing of reports and other procedural matters are also not cognizable. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *see also Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies at his disciplinary hearing had "no bearing on his right to due process").

F.3d 705, 721 (7th Cir. 2019). It is not enough that conditions are "more severe than those found in the general prison population." *Hardaway*, 734 F.3d at 744. They must be very harsh or restrictive, in the vein of depriving a prisoner of "all human contact or sensory stimuli." *Id.*

Here, Williams does not clarify how long he spent in segregation pursuant to the contraband charge, although it appears to be only a nominal period. Additionally, while he uses the term "atypical and significant hardship," he does not describe any unduly harsh or restrictive conditions he experienced while in segregation. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). The court cannot plausibly infer from his allegations that he was subjected to a "significant and atypical hardship" in relation to the ordinary incidents of prison life. *See Hardaway,* 734 F.3d at 743 (a few months in segregation did not trigger a liberty interest "in the absence of exceptionally harsh conditions").

Finally, he sues the Warden because he is "responsible for overall operation of the Indiana State Prison." If his claim against the Warden is premised on the alleged arbitrary actions of the three officers in investigating and finding him guilty of trafficking, it, too, would be barred by *Heck. See Est. of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997) (supervisory liability under 42 U.S.C. § 1983 is derivative of underlying constitutional violation committed by a subordinate). Assuming the claim is premised on some other type of wrongdoing that does not implicate the validity of his

disciplinary conviction, it would fail in any event. There is no *respondeat superior* liability under 42 U.S.C. § 1983, and the Warden cannot be held liable for damages solely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). To be held liable, a supervisor must have been personally involved in the constitutional violation. *Mitchell,* 895 F.3d at 498. This requirement is satisfied if the constitutional violation occurred at the supervisor's direction or with his or her approval or consent. *Id.* The court cannot plausibly infer from Williams' allegations that the Warden had any personal involvement in these events, or that he directed or approved of any alleged misconduct committed by the other officers. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. He has not stated a plausible claim against the Warden.

Therefore, the complaint does not state a claim upon which relief can be granted. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Accordingly, Williams will be given an opportunity to file an amended complaint before the case is dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff until **December 4, 2026**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint, this case is subject to dismissal under 28 U.S.C. § 1915A.

SO ORDERED on November 9, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT